UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GREGORY WILLIAMS,
    Plaintiff

v.      C.A. No.

ALEX AND ANI, LLC,
    Defendant

## COMPLAINT

### I. Introductory Statement

This is an action brought by the Plaintiff against the Defendant seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful employment discrimination the Plaintiff has suffered on the basis of his sex and religion in violation of the Rhode Island Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.* and the Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II. Parties

1. The Plaintiff is a resident of the City of Boca Raton, County of Palm Beach, State of Florida.

2. Defendant Alex and Ani, LLC ("Alex and Ani") is a limited liability company duly organized pursuant to the laws of the State of Rhode Island with its principal place of business located in the City of Cranston, County of Providence, State of Rhode Island.

### III. Jurisdiction

3. Jurisdiction is properly placed in this Court pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship between the Plaintiff and Defendant Alex and Ani.

## IV. Venue

4.     Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Exhaustion of Administrative Remedies

5.     On or about November 28, 2016, the Plaintiff timely filed a charge of sex and religious discrimination against Defendant Alex and Ani with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

6.     On or about April 11, 2017, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7.     On or about April 13, 2017, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8.     There is no requirement under the RICRA relative to the exhaustion of administrative remedies prior to filing suit.

## VI. Material Facts

9.     The Plaintiff is a male and an Episcopalian.

10.    On or about December 1, 2014, the Plaintiff was hired by Defendant Alex and Ani as Senior Director, Retail Operations. In or about April, 2016, he became Senior Director, Retail Operations and Facilities.

11.    During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendant Alex and Ani's legitimate expectations.

12. Prior to his hire at Defendant Alex and Ani, the Plaintiff attended two (2) in-person job interviews with Christine McKenzie, a human resources representative at the company.

13. During each interview, Ms. McKenzie performed a tarot card reading in his presence in order "to get a feeling about [the Plaintiff]."

14. During the interview process, the Plaintiff was told that he was being considered for the position of Vice President of Retail Operations.

15. Approximately two (2) weeks after his interviews, the Plaintiff was contacted by Ms. McKenzie and informed that he would likely be offered the position of Senior Director, Retail Operations, despite that he interviewed for the position of Vice President of Retail Operations. The Plaintiff was further informed that he would be placed in the position of Vice President of Retail Operations in the future.

16. During this conversation with Ms. McKenzie, the Plaintiff was also told that his hiring was contingent upon Defendant Alex and Ani receiving approval from a "spiritual advisor" as to his hire.

17. During Plaintiff's employment, Defendant Alex and Ani's employees, including the Plaintiff, were required to consult with a "spiritual advisor"; however, the Plaintiff refused to do so.

18. As part of his job duties at Defendant Alex and Ani, the Plaintiff was tasked with coordinating store openings for Defendant Alex Ani.

19. Prior to a store opening, Defendant Alex and Ani consulted with a religious numerologist, who would determine the exact date and time for the store opening based upon "Biblical numerology."

20. In fact, on the written construction schedules for these store openings, Defendant Alex and Ani included "Jerhi Date" or some other like reference, which indicates the first name of

the individual performing religious ceremonies at the store openings and the date of such ceremonies.

21. The Plaintiff attempted to remove these religious practices from the construction schedule, but was instructed by his supervisors to refrain from doing so and that management-level employees at Alex and Ani, including, but not limited to, Carolyn Rafaelian, were angered by Plaintiff's actions.

22. During his employment, the Plaintiff was also required to be present during religious ceremonies at Defendant Alex and Ani's store locations, whereby religious items were used to "cleanse" the stores.

23. The Plaintiff attended these so-called religious "cleansing" ceremonies at store locations in Rehoboth Beach, Delaware and at Disney Springs in Orlando, Florida.

24. During the ceremony at the Disney Springs store location, the Plaintiff became so uncomfortable with the religious practices that he was compelled to leave to store opening ceremony.

25. In October, 2015, Colleen Lewis was hired by Defendant Alex and Ani as Vice President of Retail Operations and became the Plaintiff's supervisor.

26. Ms. Lewis was hired for the position that the Plaintiff interviewed for and in which Defendant Alex and Ani indicated he would eventually fill.

27. Soon thereafter, Ms. Lewis subjected the Plaintiff to workplace discrimination and retaliation on account of his gender.

28. Ms. Lewis treated the Plaintiff differently than similarly-situated female employees.

4

29. For instance, Ms. Lewis frequently mocked the Plaintiff, was confrontational, and spoke to him in a condescending manner in the presence of other Defendant Alex and Ani employees.

30. In fact, the Plaintiff's co-workers often commented to the Plaintiff that Ms. Lewis treated him more poorly than other employees.

31. The Plaintiff also attended one-on-one meetings with Ms. Lewis wherein she unjustifiably berated the Plaintiff and made callous comments to him, such as if the Plaintiff died, he would not be missed.

32. On approximately six (6) occasions, the Plaintiff complained to Ed Welsh, Defendant Alex and Ani's Vice President of Human resources, about Ms. Lewis' discriminatory conduct.

33. Mr. Welsh told the Plaintiff to provide the names of witnesses to him relative to Ms. Lewis' conduct and that he would then conduct an investigation.

34. Although the Plaintiff provided the names of seven (7) other employees at Defendant Alex and Ani who witnessed Ms. Lewis' discriminatory conduct, Mr. Welsh failed and/or refused to investigate the Plaintiff's complaints of workplace discrimination.

35. During his conversations with Mr. Welsh, the Plaintiff also told Mr. Welsh that he did not believe in the religious or spiritual activities regularly engaged in by other employees at Defendant Alex and Ani and that such activities made him uncomfortable.

36. In response, Mr. Welsh told the Plaintiff that, if he voiced his objections about the religious ceremonies or spiritual activities to management-level employees, he would be terminated.

37. Despite that fact that the Plaintiff complained about discriminatory conduct, Defendant Alex and Ani failed and/or refused to take any remedial action to stop the workplace discrimination and, as a result, it continued.

38. In or about February, 2016, Ms. Lewis remarked to the Plaintiff, in reference to his employment position, "This job is better suited for a woman. We understand the product better."

39. In February, 2016, Ms. Lewis issued the Plaintiff an unsubstantiated negative annual performance review, which resulted in the Plaintiff failing to receive twenty (20%) percent of his annual bonus.

40. The Plaintiff complained to Mr. Welsh about this negative review. In response, Mr. Welsh told the Plaintiff that he should be proud of his accomplishments at Defendant Alex and Ani and that he would reverse the negative review and provide the Plaintiff the additional twenty (20%) percent of his annual bonus during the next pay period.

41. That on or about September 8, 2016, the Plaintiff was terminated from his position at Defendant Alex and Ani.

42. Because he complained about his discriminatory work environment, Defendant Alex and Ani retaliated against the Plaintiff by terminating his employment.

43. That Defendant Alex and Ani's purported reason for the Plaintiff's termination is pretext for discrimination.

44. Less than two (2) months after his wrongful termination, Defendant Alex and Ani hired a female employee with less qualifications and experience than the Plaintiff as Director of Operations and to perform that Plaintiff's job duties.

45. That Defendant Alex and Ani maintained an unlawful employment practice, whereby it terminated management-level male employees, including Daniel Sills, Tony Parente, and

6

Harlan Kent and replaced them with female employees or transferred their duties to female employees.

46. That Defendant Alex and Ani's actions and/or omissions are in violation of the FEPA and the RICRA, and were negligent, intentional, willful, malicious, and/or with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

47. As a proximate result of the Defendant Alex and Ani's unlawful and discriminatory employment practices, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer severe mental and physical anguish, pain and suffering, loss of enjoyment of life and other great damage.

## VII. Claims For Relief

48. The Plaintiff incorporates in the counts below the allegations contained in ¶¶1-47 above.

### Count One
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

49. The actions and/or omissions of Defendant Alex and Ani, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment on account of his sex and/or religion in violation of the Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the Fair Employment Practices Act.

### Count Two
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

50. The actions and/or omissions of Defendant Alex and Ani, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment on account of his sex and/or religion insofar as said actions resulted in the loss of

7

benefits, terms and conditions of a contractual relationship existing between the Plaintiff and Defendant Alex and Ani in violation of the Rhode Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Rhode Island Civil Rights Act of 1990.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant Alex and Ani, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

2. enjoining and permanently restraining Defendant Alex and Ani from violating the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

3. award the Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages for Defendant Alex and Ani's intentional, malicious, reckless and/or willful violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

6.     award the Plaintiff reasonable attorney's fees and costs of litigation pursuant to the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*; and,

7.     such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire and Michael D. Pushee, Esq. as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY, P.C.

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 24th day of April, 2017 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano