UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GREGORY WILLIAMS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>ALEX AND ANI, LLC )<br>)<br>Defendant. )<br>) | C.A. No. 1:17-cv-00161-M-LDA |

### DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO DEFENDANT'S MOTION TO COMPEL DEPOSITION BY ORAL EXAMINATION AND RESPONSES TO DISCOVERY REQUESTS

In Plaintiff's response, he asserts various arguments why this Court should deny Defendant's Motion to Compel. Defendant respectfully disagrees and addresses each argument in turn.

### I. MOTION TO EXTEND

First, Plaintiff asserts that Defendant improperly seeks to conduct discovery after the fact discovery deadline closed in violation of Local Rule 26(c), which provides *"[u]nless the Court otherwise orders*, pretrial discovery must be completed by the discovery closure date." (emphasis added). However, an order from the Court is precisely what Defendant seeks.

Second, Plaintiff asserts that Defendant's Motion to Compel should be denied because Defendant did not file a motion to extend the pretrial deadlines. Plaintiff improperly relies on *Paolino v. JF Realty LLC*, to support this assertion. In *Paolino*, Magistrate Almond specifically noted "Plaintiffs did not seek to extend the fact discovery deadline *and did not move to compel*

1

*under Rule 37, Fed. R. Civ. P.....*" *Paolino v. JF Realty LLC*, 2014 WL 12787224 at *1 (D. R.I. July 2, 2014) (emphasis added). Notably, the Court in *Paolino* did not state that a motion to extend must be filed before a motion to compel, or that a motion to extend must be filed at all. Furthermore, distinguishable from *Paolino*, Defendant here has filed a motion to compel. Nonetheless, Defendant invites the Court to consider its Motion to Compel as a request to extend the fact discovery deadline, if it would prefer in its discretion.

Finally, Plaintiff asserts that Defendant made no showing of excusable neglect, judged by the totality of the circumstances. *See Paolino*, 2014 WL 12787224 at *2. Defendant did not expressly provide an excusable neglect analysis in its Motion to Compel. However, it is clearly present in the facts as described therein.

Simply stated, Attorney Sally McDonald ("Attorney McDonald") entered her appearance in this case on March 29, 2018 and promptly notified Plaintiff. The factual discovery period was scheduled to close two (2) months later. After entering her appearance, Attorney McDonald promptly responded to all of Plaintiff's outstanding discovery requests and also notified Plaintiff's counsel that Defendant intended to depose Plaintiff in this case.

During that two (2) month period, Attorney McDonald promptly replied to Plaintiff's counsel's emails, discussed settlement on multiple occasions, and tried to obtain a date for Plaintiff's deposition that was convenient to both parties. As part of these efforts, Attorney Mark Geragos ("Attorney Geragos") offered to travel to Florida to depose Plaintiff in his home state for Plaintiff's convenience. Plaintiff's counsel never responded to this generous offer.

As laid out in Defendant's Motion to Compel, Attorney McDonald and Attorney Geragos attempted, in good faith, to complete discovery in this matter within the fact discovery period to

no avail. Defendant should not be punished for Defendant's counsel's efforts to be accommodating to Plaintiff and Plaintiff's counsel.

**WHEREFORE**, Alex and Ani hereby respectfully asks that this Honorable Court grant Defendant's Motion to Compel Plaintiff's Deposition by Oral Examination and Responses to Discovery Requests.

ALEX AND ANI, LLC
By its Attorneys,

*/s/ Sally P. McDonald*

Sally P. McDonald
Geragos & Geragos P.C.
44 South Figueroa Street
Los Angeles, CA  90017-3411
(213) 625-3900
(213) 232-3255
Sally@geragos.com

DATED: June 27, 2018